IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MAX OTIS HINES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:16cv511-MHT |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on Max Otis Hines's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. No. 1.[1] Hines argues that his conviction pursuant to 18 U.S.C. § 924(c) is unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[2]

---

[1] Unless otherwise indicated, references to "Doc. No(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

[2] In *Johnson*, the Supreme Court held that the so called residual clause of the "violent felony" definition in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. *See* 135 S.Ct. at 2557. When *Johnson* was decided, the ACCA defined a violent felony as any crime punishable by imprisonment for a term exceeding one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 28 U.S.C. § 924(e)(2)(B). These definitions of violent felony fall into three respective categories: (1) the elements clause; (2) the enumerated-offenses clause; and (3) and the (now void) residual clause. *See In re Sams*, 830 F.3d 1234, 1236–37 (11th Cir. 2016).

(continued…)

## I. BACKGROUND AND PROCEDURAL HISTORY

On April 10, 2006, Hines pled guilty under a plea agreement to interstate kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (Count 1), and discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2). The kidnapping offense charged in Count 1 served as the predicate "crime of violence" for Hines's § 924(c) conviction under Count 2.[3] The plea agreement contained a provision by which Hines waived his right to appeal or collaterally attack his conviction and sentence, with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct. After a sentencing hearing on December 18, 2006, the district court sentenced Hines to 180 months' imprisonment, consisting of a 60-month term on Count 1 and a consecutive 120-month term on Count 2. Final judgment was entered on December 22, 2016. Hines took no appeal.

On June 27, 2016, Hines filed this § 2255 motion arguing that his § 924(c) conviction under Count 2 of the indictment is unlawful because the § 924(c)(3)(B) residual clause[4] is materially indistinguishable from the ACCA residual clause declared

---

[3] Title 18 § 924(c) provides in part that a defendant who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime," or possesses a firearm in furtherance of such crimes, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to a separate and consecutive term of imprisonment. And if, as in Hines's case, the firearm is discharged during the crime, the consecutive sentence shall be "not less than 10 years." 18 U.S.C. § 924(c)(1)(A)(iii).

[4] For purposes of § 924(c), the term "crime of violence" means an offense that is a felony and:

    (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

(continued…)

unconstitutionally vague in *Johnson v. United States*. Doc. No. 1. Proceeding from the premise that *Johnson* extends to, and voids, the § 924(c)(3)(B) residual clause, Hines argues that his § 924(c) conviction cannot not stand because the kidnapping offense in Count 1, which served as the predicate crime of violence for his § 924(c) conviction, categorically fails to qualify as a crime of violence under § 924(c)'s remaining use-of-force clause, *see* § 924(c)(3)(A), as the elements of the federal kidnapping statute, 18 U.S.C. § 1201(a), do not always involve the use of force.

The government argues that Hines's motion is untimely under the limitation period in 28 U.S.C. §2255(f) and that his motion is also barred by the waiver provision in his plea agreement. Doc. No. 12. As discussed below, this court agrees with the government's arguments.

## II.   DISCUSSION

**A.      § 2255(f) Statute of Limitations**

A § 2255 motion must be filed within one year of the latest of the following occurrences:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

18 U.S.C. § 924(c)(3). Subsection (A) of § 924(c)(3) is referred to as the "use-of-force clause," and subsection (B) is referred to as the § 924(c)(3)(B) "residual clause." *See In re Saint Fleur,* 824 F.3d 1337, 1339 (11th Cir. 2016).

>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For federal criminal defendants who do not appeal from a conviction, a judgment of conviction becomes final when the time for filing an appeal expires. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000).

Under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure as it existed at the time of Hines's sentencing, a criminal defendant had to file a notice of appeal within 10 days after the district court judgment being appealed.[5] Hines did not appeal his conviction to the Eleventh Circuit. As a consequence, his conviction became final on January 2, 2007, when the 10-day period for him to file an appeal from the district court's December 22, 2006 judgment expired.[6] That was over nine years before Hines filed his § 2255 motion on June 27, 2016. Even so, Hines argues that his motion is timely because it was filed within a year of the Supreme Court's decision in *Johnson*, which, he says, newly recognized the right he asserts in his motion. *See* 28 U.S.C. § 2255(f)(3) (reopening the one-year time period from "the date on which the right asserted was initially recognized

---

[5] Fed.R.App.P. 4(b)(1)(A) was amended in 2009 (effective December 1, 2009) to increase the time for filing a notice of appeal from 10 to 14 days. *See* Fed.R.App.P. 4 advisory committee notes (2009 Amendments). The pre-amendment version of Rule 4(b)(1)(A) applied to Hines's case.

[6] The 10-day period actually expired on January 1, 2007, a Federal Holiday. January 2, 2007, is the first business day after January 1, 2007.

4

by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

It is well established that the *Johnson* decision announced a new rule that is retroactive to cases on collateral review, thereby allowing potential § 2255 movants one year from the date of that decision to assert their arguments. *See, e.g., Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017). However, the claim that Hines asserts is not of the same type that was newly recognized in the *Johnson* decision. *Johnson* invalidated, as unconstitutionally vague, the residual clause in the ACCA, which provides sentencing enhancements for persons convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and who also have three prior convictions for "violent felonies." *Johnson*, 135 S.Ct. at 2563. That holding does not help Hines, because his § 2255 motion does not challenge a sentence he received for a § 922(g) conviction.

Hines claims that *Johnson* extends to the § 924(c)(3)(B) residual clause, rendering it void like the ACCA residual clause, and that, in light of *Johnson*, his federal kidnapping offense could not serve as the predicate crime of violence for his § 924(c) conviction. However, as the Eleventh Circuit has recently clarified, this is not a claim based on a right newly recognized by *Johnson*. In *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018) ("*Ovalles II*"), the Eleventh Circuit held that the § 924(c)(3)(B) residual clause is not unconstitutionally vague under *Johnson* (or under the Supreme Court's subsequent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)); that *Johnson* leaves the § 924(c)(3)(B) residual clause unscathed; and that, effectively, *Johnson* provides no basis for attacking a § 924(c) conviction. *See* 905 F.3d at 1252–53; *In re Garrett*, 908 F.3d 686,

5

689 (11th Cir. 2018) (in light of the holding in *Ovalles II*, *Johnson* does not supply any "rule of constitutional law"—"new" or old, "retroactive" or nonretroactive, "previously unavailable" or otherwise—that can support a vagueness-based challenge to the residual clause of § 924(c)).

Because Hines's claim is not based on any right recognized by *Johnson*, he may not have its use to apply § 2255(f)(3) as a triggering event for statute-of-limitation purposes. Hines's claim is therefore subject to the one-year limitation period in § 2255(f)(1). As such, his § 2255 motion should be denied as untimely.[7]

B.  **Waiver Provision in Plea Agreement**

The government also argues that Hines's § 2255 motion is subject to dismissal based on the collateral-attack waiver in his plea agreement.

The written plea agreement contained a waiver provision with this pertinent language:

DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

---

[7] In *Ovalles II*, the Eleventh Circuit held that courts are to apply "a conduct-based approach, pursuant to which the crime-of-violence determination [for purposes of the predicate 'crime of violence' for a § 924(c) conviction] should be made by reference to the actual facts and circumstances underlying a defendant's offense." 905 F.3d at 1324. The kidnapping offense charged in Count 1 served as the predicate "crime of violence" for Hines's § 924(c) conviction under Count 2. The actual facts and circumstances underlying Hines's kidnapping conviction (as elaborated upon in Hines's presentence investigation report ["PSI"], which Hines does not contest) support that the kidnapping was a crime of violence. The PSI indicates that after Hines became angry with his ex-wife regarding her possible relationship with another man, Hines made his ex-wife accompany him in a vehicle while he retrieved a gun. *See* Doc. 12-1 at 3. Hines then made his ex-wife's children get in the vehicle while he held the gun to his ex-wife, threatening to shoot her if the children did not get in the vehicle. *Id.* at 4. Hines fired several shots from the vehicle after other people arrived at the scene. *Id.* Hines then drove his ex-wife and the children from Ozark, Alabama, to Georgetown, Georgia, where, at a Hardee's restaurant, his ex-wife was able to have the police notified. *Id.* The actual facts and circumstances of the kidnapping satisfy both the § 924(c)(3)(B) residual clause and the "use-of-force clause" in § 924(c)(3)(A).

6

> Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. The Defendant further expressly waives the right to appeal the conviction and sentence on any other ground, including upward departures by the Court, and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct.

Doc. No. 12-3 at 9. Under this provision, Hines waived his rights to appeal or collaterally attack his conviction and sentence, except on grounds of ineffective assistance of counsel or prosecutorial misconduct.

An appeal waiver or collateral-attack waiver is valid if a defendant enters it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350–55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Here, the magistrate judge who conducted the plea hearing specifically questioned Hines about the waiver provision and confirmed that he understood its terms. Criminal Case No. 1:05cr15-MEF, Doc. No. 87 at 11. Thus, the record reflects—and Hines does not disprove—that Hines's collateral-attack waiver was knowing and voluntary. *Bushert*, 997

F.2d at 1351. Consequently, the undersigned agrees with the government that Hines's § 2255 claim is barred from collateral review by the waiver provision in his plea agreement.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Hines's § 2255 motion be DENIED and this action DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before April 4, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 21st day of March, 2019.

                                                        /s/ Wallace Capel, Jr.
                                      CHIEF UNITED STATES MAGISTRATE JUDGE